IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Skinner, Inc., 274 Cedar Hill Street<br>Marlborough, MA 01752 | )<br>)<br>) | CASE NO.  14-14051 |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| Ronald Holmes, 201 Shady Oak Lane<br>Vero Beach, FL 32963 | )<br>)<br>) | |
| Defendant. | )<br>)<br>) | |

## DEFENDANT'S NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES COURT FOR THE DISTRICT OF

MASSACHUSETTS

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), and 1446, Defendant, Ronald Holmes files this Notice of Removal of the civil action styled Skinner, Inc. v. Ronald Holmes, Civil Action No.: 14-7852, from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Middlesex County, to the United States District Court for the District of Massachusetts.  In support of this Notice of Removal, Defendant states as follows:

## CASE BACKGROUND AND BASIS FOR REMOVAL

1. On or about October 9, 2014, Plaintiff filed suit against Defendant in the Superior Court, in and for the County of Middlesex, Massachusetts, styled Skinner, Inc. v. Ronald Holmes, Civil Action No.: 14-7852 (the "State Court Action").  Plaintiff's complaint asserts two counts against Defendant, Breach of Contract and Indemnity.

2. This Notice of Removal is filed within the time allowed under 28 U.S.C. § 1446(b)(1) as thirty (30) days have not yet expired since the above-referenced Defendant was first served, by certified mail, with a copy of the complaint and summons, on or about October 12, 2014.

3. In accordance with 28 U.S.C. § 1446(a), all of the process, pleadings, and orders served upon Defendant in the State Court Action to date are attached to this notice as Exhibit A.

4. In accordance with 28 U.S.C. § 1446(c)(2), this action may be removed to this Court as the sum demanded by Plaintiff in the initial pleading is for the amount of $80,000.

5. In accordance with 28 U.S.C. § 1446(d), Defendant will concurrently file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court, in and for the County of Middlesex, Massachusetts. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B. Defendant will also serve this Notice of Removal upon all adverse parties on the date set forth in the certificate of service below.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and as such, this action may be removed to this Court under 28 U.S.C. § 1441 because it is a civil matter between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate venue to exercise jurisdiction over Defendant because the State Court Action is pending in Massachusetts.

8. Accordingly, Defendant has satisfied all of the removal prerequisites of 28 U.S.C. § 1446.

## **DIVERSITY JURISDICTION EXISTS**

8. There is complete diversity between the parties to the State Court Action. As pled by the Plaintiff, it is a resident of the Commonwealth of Massachusetts. Plaintiff, Skinner Inc. is incorporated in Massachusetts and has as its principal place of business 274 Cedar Hill Street, Marlborough, Massachusetts 01752. Defendant, Ronald Holmes's primary residence is located at 201 Shady Oak Lane, Vero Beach, Florida 32963.

9. Defendant owns no property within Massachusetts and has no other business contacts within Massachusetts. Defendant did not seek out Plaintiff to engage in business, but was referred to them through an agent.

10. Regarding the "Forum Selection Clause" of the contract in question, the language is a non-exclusive waiver to jurisdiction for the enforcement of the Agreement only and includes the United States District Court of Massachusetts.

11. The amount in controversy exceeds $75,000. Pursuant to the Plaintiffs' Civil Action Cover Sheet, they allege that they are entitled to approximately $80,000 for Breach of Warranty and Indemnification. In accordance with 28 U.S.C. 1446(c)(2), this amount will be deemed the amount in controversy.

12. Defendant denies the allegations of the Plaintiff's complaint. However, taking those allegations as true on their face, as this Court must do in determining the propriety of removal, the pleaded amount in controversy is in excess of $75,000.

13. Given the complete diversity of the parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. §1332, and this action is removable pursuant to 28 U.S.C. §1441.

14. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal (attached as Exhibit B) has been filed in the Middlesex Superior Court.

**WHEREFORE**, Defendant, Ronald Holmes, hereby removes the above-captioned case from the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts (Middlesex) and requests that further proceedings be conducted in this Court as provided by law.

                                        Respectfully Submitted,
                                        **RONALD HOLMES**,
                                        By His Attorney

                                        __/s/ Roger Durkin_____
                                        Roger Durkin, Esq.
                                        BBO# 665274
                                        Durkin Law P.C.
                                        234 Lewis Wharf
                                        Boston, MA 02110
                                        Roger@durkinlawpc.com

**DATED:** October 31, 2014

## Certificate of Service

I, Roger Durkin, Esq., hereby certify that on October 31, 2014, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants and counsel for the plaintiffs, Martin P. Desmery, Esq., 30 Federal Street, Boston, MA 02110, who has not yet made an appearance before this Court.

                                        _____/s/ Roger Durkin_____