# EXHIBIT A

Case 1:14-cv-14051-PBS   Document 1-3   Filed 10/31/14   Page 1 of 7

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) Skinner, Inc. | DEFENDANT(S) Ronald Holmes | 14-7852 |

| Plaintiff Atty | Martin P. Desmery, Esq. | Type Defendant's Attorney Name |
|---|---|---|
| Address | Partridge Snow & Hahn, LLP, 30 Federal Street, 7th Floor | Defendant Atty |
| | | Address |
| City | Boston   State MA   Zip Code 02110 | City   State   Zip Code |
| Tel. | +1 (617) 292-7900   BBO# 550,133 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK                    IS THIS A JURY CASE?

A99 Other (specify) - Fast Track
    contract

◉ [ ] Yes   ○ [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
OCT 09 2014

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                         $_____
   2. Total doctor expenses                           $_____
   3. Total chiropractic expenses                     $_____
   4. Total physical therapy expenses                 $_____
   5. Total other expenses (describe)                 $_____
                                          Subtotal    $_____
B. Documented lost wages and compensation to date     $_____
C. Documented property damages to date                $_____
D. Reasonably anticipated future medical expenses     $_____
E. Reasonably anticipated lost wages and compensation to date  $_____
F. Other documented items of damages (describe)       $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                      Total $_____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| Breach of warranty/indemnity | TOTAL | $80,000 |

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

N/A

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____   Date: 10/9/14

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c. 30A | (X) |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Claims against Commonwealth or Municipality | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E08 Appointment of Receiver | (X) |
| E03 Claims against Commonwealth or Municipality | (A) | E03 Claims against Commonwealth or Municipality | (A) | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| | | **EQUITABLE REMEDIES** | | E11 Worker-s Compensation | (X) |
| *TORT | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence- personal injury/property damage | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- personal injury/property damage | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-Medical | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | | |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D99 Other (Specify) | (F) | E21 Protection from Harassment c 258E | (X) |
| B15 Defamation (Libel-Slander) | (A) | | | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.   SUPERIOR COURT DEPARTMENT
CIVIL ACTION No.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
OCT 0 9 2014

CLERK

COPY

14-7852

SKINNER, INC.,

  Plaintiff,

v.

RONALD HOLMES,

  Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Skinner, Inc. ("Skinner") commences this action against Defendant Ronald Holmes ("Holmes") for breach of contract resulting in damages to Skinner in the amount of $80,000:

### PARTIES, JURISDICTION AND VENUE

1. Skinner is a Massachusetts corporation with a principal place of business in Marlborough, Massachusetts.

2. Holmes is an individual who resides at 201 Shady Oak Lane, Vero Beach, Florida 32963.

3. The Superior Court has jurisdiction to determine this dispute under Mass. Gen. L. ch. 212 §§ 3-4 and Mass. Gen. L. ch. 231A, § 1 et seq.

4. The Superior Court has personal jurisdiction over Holmes under Mass. Gen. L. ch. 223A, § 3, and the forum selection clause in the applicable contract. Venue is proper in the Superior Court of Middlesex County under Mass. Gen. L. ch. 223, § 1.

### FACTS COMMON TO ALL COUNTS

5. On or about October 25, 2011, Skinner and Holmes entered into a written agreement (the "Contract"), pursuant to which Holmes consigned certain items to Skinner for auction. Two

of the items in question were represented by Holmes to be a pair of antique Huanghuali stools from China (the "Stools").

6. Pursuant to paragraph 8 of the Contract, Holmes specifically warranted to Skinner that his descriptions of the Stools and their origins were accurate. Further, Holmes specifically agreed to "indemnify and hold Skinner harmless from and against any and all claims, damages, liabilities and expenses (including reasonable attorneys' fees) ... related to the breach" of his warranties.

7. In December of 2011, Skinner sold the Stools at an auction for $95,000. Approximately nine months later, the purchaser of the Stools notified Skinner that Carbon-14 dating had revealed the Stools to be reproductions – i.e., not authentic, antique Huanghuali stools from China.

8. In November 2012, the buyer sent a formal written demand to Skinner for a full refund in the amount of $112,575, which represented the purchase price of the Stools plus commissions and the costs associated with the Carbon-14 dating.

9. In January 2013, Skinner notified Holmes about the buyer's claims, and reminded Holmes of his contractual obligation to indemnify Skinner in the event the stools that he had represented to be authentic were in fact reproductions.

10. As part of its negotiations with the buyer, Skinner obtained possession of the Stools and conducted independent laboratory testing to confirm that they were not authentic. Thus, Skinner had no choice but to resolve the matter and refund a substantial portion of the purchase price.

11. In February 2014, Skinner consummated a settlement with the buyer, whereby Skinner paid $80,000 in full settlement of all claims. The amount of the settlement was reasonable under the circumstances.

12. In May 2014, Skinner notified Holmes about the settlement and offered to settle its warranty and indemnity claim for substantially less than the $80,000 paid to the buyer. Holmes did not accept Skinner's offer, or even acknowledge that the offer had been made.

## COUNT ONE
## BREACH OF WARRANTY

13. Skinner repeats and incorporates by reference the above allegations as if fully set forth herein.

14. Skinner and Holmes entered into the Contract, pursuant to which Holmes expressly warranted the authenticity and origin of the Stools.

15. Holmes breached his warranty because the Stools were not authentic, antique Huanghuali stools from China.

16. Skinner has suffered damages in the amount of $80,000 as a direct and proximate result of the breach of warranty by Holmes.

## COUNT TWO
## INDEMNITY

17. Skinner repeats and incorporates by reference the above allegations as if fully set forth herein.

18. Skinner and Holmes entered into the Contract, pursuant to which Holmes expressly agreed to indemnify Skinner for all claims, damages, liabilities and expenses (including reasonable attorneys' fees) arising out of or related to a breach of warranty.

19. Skinner has suffered damages in the amount of $80,000, plus reasonable attorneys' fees and costs associated with the testing and shipment of the Stools, as a direct and proximate result of the breach of warranty by Holmes.

20. Despite notice and demand, Holmes has failed and refused to satisfy his indemnity obligations to Skinner.

WHEREFORE, Skinner demands the entry of judgment against Holmes (a) under all counts in the amount of $80,000, plus all out-of-pocket costs and expenses (including reasonable attorneys' fees, shipping costs and Carbon-14 dating expenses), and (b) for such other and further relief as the Court deems just and reasonable.

## JURY DEMAND

SKINNER DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

SKINNER, INC.,

By Its Attorney,

Martin P. Desmery (BBO #550133)
Partridge Snow & Hahn LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900
(617) 292-7910  FAX
mdesmery@psh.com

DATED: 10/9/14

2117261_1/13059-6